# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MATTHEW TELLEZ, and <br> JEFFERY TELLEZ, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> CITY OF BLUE ISLAND, <br> Blue Island Police Officers <br> TIMOTHY SISK, Star 154, <br> DAVE STONE, Star 167, <br> ALICE PALOMO, Star 259, <br> ANTHONY DELGADILLO, Star 162, and <br> JOHN DOE, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | FILED: JULY 29, 2008 <br> 08CV4297 <br> JUDGE DARRAH <br> MAGISTRATE JUDGE VALDEZ <br> TG <br> <br> Jury Demand |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiffs' state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiffs are residents of Posen, Illinois.

5. Defendant-Officers are duly appointed and sworn Blue Island police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

6. The Defendant-Officers are sued in their individual capacities.

7. Defendant CITY OF BLUE ISLAND is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

## Facts

8. On or about April 14, 2007, at approximately 11:00 p.m., Plaintiffs MATTHEW TELLEZ and JEFFERY TELLEZ, and their friend, Miguel Martinez, were driving back from a family wedding.

9. Plaintiffs and Miguel Martinez had been at Plaintiffs' uncle's wedding since 6:00 p.m.

10. On the day of the incident, Plaintiff MATTHEW TELLEZ was 16 years old and Plaintiff JEFFERY TELLEZ was 18 years old.

11. Plaintiffs were driving a red Ford F-150. Plaintiff MATTHEW TELLEZ was driving, Plaintiff JEFFERY TELLEZ was in the back seat, and Miguel Martinez was in the passenger seat.

12. Plaintiffs and Miguel Martinez were stopped at Vermont and Western by Defendant-Officers SISK, STONE, PALOMO, DELGADILLO and JOHN DOE.

13. Defendant-Officers approached Plaintiffs' vehicle with their guns drawn.

14. Defendant-Officers instructed Plaintiffs and Mr. Martinez to exit the vehicle.

15. Plaintiffs and Mr. Martinez complied.

16. Plaintiffs MATTHEW TELLEZ and JEFFERY TELLEZ and their friend Mr. Martinez were handcuffed, searched, and put in the back of Defendant-Officer STONE's police car. Defendant-Officer SISK put handcuffs on Plaintiff MATTHEW TELLEZ. Defendant-Officer PALOMO put handcuffs on Plaintiff JEFFERY TELLEZ.

17. Plaintiffs were searched. No contraband or evidence of criminal activity was found. Plaintiffs did not have a gun.

18. Plaintiffs had not violated any city, state or federal law. Defendant-Officers did not have any reason to believe that Plaintiff had violated, or was about to violate, any city, state or federal law. Defendant-Officers did not have an arrest warrant, probable cause, reasonable suspicion, consent, or any other lawful basis to stop, detain, or search Plaintiff.

19. After Plaintiff JEFFERY TELLEZ had been handcuffed, he asked Defendant-Officer PALOMO why she was arresting him. Defendant-Officer PALOMO replied: "You'll find out sooner or later."

20. When Plaintiff MATTHEW TELLEZ asked Defendant-Officer STONE why they were pulled over, Defendant-Officer STONE refused to provide a reason.

21. Instead, Defendant-Officer STONE responded by choking Plaintiff MATTHEW TELLEZ. While Plaintiff MATTHEW TELLEZ was sitting, handcuffed in the back of the police car, Defendant-Officer STONE got out of his car, opened the back door of his police car, and began to choke Plaintiff MATTHEW TELLEZ.

22. Defendant-Officer STONE told Defendant-Officer SISK that he would meet SISK in the back of the police station and that: "We're gonna have fun with these two."

23. STONE got back into the car and drove Plaintiffs and their friend to the police station.

24. Upon arriving at the police station, STONE waited for SISK to arrive.

25. When SISK arrived, he approached STONE's police car. STONE pointed to Plaintiff MATTHEW TELLEZ and said: "That's the one right there."

26. SISK moved Mr. Martinez out of the way and punched Plaintiff MATTHEW TELLEZ in the face.

27. Miguel Martinez was removed from the car, then Plaintiff MATTHEW TELLEZ was removed from the car to be taken inside.

28. SISK then pulled Plaintiff JEFFERY TELLEZ from the police car. While Plaintiff JEFFERY TELLEZ was still handcuffed, SISK grabbed JEFFERY TELLEZ's shoulders, shook him, and repeatedly banged his head against the police car. This resulted in a four-inch gash on the back of JEFFERY TELLEZ's head that was bleeding.

29. SISK then grabbed Plaintiff JEFFERY TELLEZ in a head lock and took him to the ground.

30. At no time did Plaintiff JEFFERY TELLEZ resist arrest.

31. There were two cameras in the back of the police department, which is where this beating occurred.

32. Plaintiffs were taken to the processing room, where there were also two cameras.

33. While sitting in the processing room, handcuffed to the bench and waiting to be processed, Plaintiff JEFFERY TELLEZ was choked by STONE. Plaintiff JEFFERY TELLEZ was out of breath and thought he would pass out.

34. Plaintiff JEFFERY TELLEZ felt pain in the back of his head and asked for medical attention.

35. Plaintiff JEFFERY TELLEZ asked Defendant-Officer PALOMO for medical attention, but his requests were never granted.

36. Plaintiffs were kept at the police station until about 8 p.m. on April 15, 2007.

37. After leaving the police station, Plaintiffs' mother took pictures of their injuries. In the morning, Plaintiff JEFFERY TELLEZ went to the hospital.

38. Plaintiff JEFFERY TELLEZ was charged with Battery, and Resisting a Peace Officer. The case was docketed in the Circuit Court of Cook County as: People v. Jeffery Tellez, 07 MC 6 004518. On December 4, 2007, the Jury returned a verdict of not guilty on both counts.

39. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

40. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, emotional distress, physical pain and suffering; and pecuniary damages including medical expenses, attorney fees, and other damages.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

41. Plaintiffs realleges paragraphs 1 through 43 as if fully set forth herein.

42. Defendant-Officers SISK, STONE, PALOMO, DELGADILLO stopped and seized Plaintiffs.

43. Defendant-Officers SISK, STONE, PALOMO, DELGADILLO did not have a reasonable suspicion, based on specific and articulable facts, that Plaintiffs were about to commit a crime or had committed a crime.

44. The seizure of Plaintiffs without reasonable suspicion or any other legal justification violated their Fourth Amendment rights, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers SISK, STONE, PALOMO, DELGADILLO,

b) Award Plaintiffs compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – False Arrest/Imprisonment)

45. Plaintiffs realleges paragraphs 1 through 43 as if fully set forth herein.

46. Defendant-Officers SISK, STONE, PALOMO, DELGADILLO did not have an arrest warrant, probable cause, reasonable suspicion, or any other lawful basis to arrest or detain Plaintiffs.

47. The arrest of Plaintiffs without any legal justification or probable cause violated their Fourth Amendment rights, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a) Enter judgment against Defendant-Officers SISK, STONE, PALOMO, DELGADILLO,

b) Award Plaintiffs compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Excessive Force)

48. Plaintiff MATTHEW TELLEZ realleges paragraphs 1 through 43 as if fully set forth herein.

49. Defendants SISK and STONE violated Plaintiff MATTHEW TELLEZ's Fourth Amendment rights, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff MATTHEW TELLEZ ask that this Honorable Court:

a) Enter judgment against Defendant-Officers SISK and STONE,

b) Award Plaintiff MATTHEW TELLEZ compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (42 U.S.C. § 1983 – Excessive Force)

50.     Plaintiff JEFFREY TELLEZ realleges paragraphs 1 through 43 as if fully set forth herein.

51.     Defendant-Officers STONE and SISK violated Plaintiff JEFFREY TELLEZ's Fourth Amendment rights, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff JEFFREY TELLEZ ask that this Honorable Court:

a)      Enter judgment against Defendant-Officers STONE and SISK,

b)      Award Plaintiff JEFFREY TELLEZ compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT V
### (42 U.S.C. § 1983 – Failure to Intervene)

52.     Plaintiffs reallege paragraphs 1 through 43 as if fully set forth herein.

53.     While Plaintiffs were subjected to excessive force as described above, Defendant-Officers STONE, SISK, and PALOMO had an opportunity to intervene, but chose not to intervene.

54.     Defendant-Officers were deliberately indifferent to Plaintiff's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiffs ask that this Honorable Court:

a)      Enter judgment against Defendant-Officers,

b)      Award Plaintiffs compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI
### (42 U.S.C. § 1983 – Denial of Medical Attention)

55.     Plaintiff JEFFERY TELLEZ realleges paragraphs 1 through 43 as if fully set forth herein.

56.	After the Defendant-Officers STONE and SISK beat Plaintiff JEFFERY TELLEZ and caused him severe injuries, Plaintiff was denied necessary medical attention by Defendant PALOMO.

57.	Defendant PALOMO was deliberately indifferent to Plaintiff JEFFERY TELLEZ's serious medical needs.

WHEREFORE, Plaintiff JEFFERY TELLEZ asks that this Honorable Court:

a)	Enter judgment against Defendant PALOMO,

b)	Award Plaintiff JEFFERY TELLEZ compensatory and punitive damages,

c)	Award attorneys' fees and costs, and

d)	Award any further relief that this Honorable Court deems just and equitable.

## COUNT VII
### (State Law Claim for Malicious Prosecution)

58.	Plaintiff JEFFERY TELLEZ realleges paragraphs 1 through 43 as if fully set forth herein.

59.	Defendant SISK instituted charges against Plaintiff JEFFERY TELLEZ for Battery and Resisting a Peace Officer.

60.	There was not probable cause for such charges.

61.	Plaintiff JEFFREY TELLEZ was found not guilty on all counts.

62.	The charges were terminated in a manner indicative of Plaintiff JEFFREY TELLEZ's innocence.

WHEREFORE, Plaintiff JEFFREY TELLEZ asks that this Honorable Court:

a)	Enter judgment against Defendant SISK,

b)	Award Plaintiff JEFFERY TELLEZ compensatory and punitive damages,

c)	Award costs, and

d)	Award any further relief that this Honorable Court deems just and equitable.

## COUNT VIII
### (State Law *Respondeat Superior* Claim)

63.	The acts of the Defendant-Officers described in the state law claims specified above were willful and wanton, and committed in the scope of employment.

64. Pursuant to *respondeat superior*, Defendant CITY OF BLUE ISLAND is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF BLUE ISLAND, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IX
**(Indemnification Claim pursuant to 745 ILCS 10/9-102)**

65. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

66. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF BLUE ISLAND is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF BLUE ISLAND to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

**Jury Trial Demanded**

                Respectfully submitted,

                /s/ Lawrence V. Jackowiak
                *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Louis J. Meyer
Daniel P. Kiss
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595